FILED

98 DEC 14 PM 1:57

U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED

DEC 1 4 1998

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

DAVID KENNETH LEE CARROLL, }
}
    Plaintiff, }
}
                                     }    CIVIL ACTION NO.
vs. }
}    98-AR-2123-M
CITY OF GADSDEN, ET AL., }
}
    Defendants. }

## MEMORANDUM OPINION

Plaintiff, David Kenneth Lee Carroll ("Carroll") filed a motion for leave to amend Counts I through VI of his complaint. It has previously been granted. Defendant, the City of Gadsden ("the City"), filed a partial motion to dismiss, deemed a motion for partial summary judgment. The said motion has been amended. For the reasons stated herein, the court finds that the City's motion for partial summary judgment is due to be granted.

### Background

On October 25, 1996, Carroll was arrested and charged with carrying a pistol without a permit. Defendants, Bobby Johnson ("Johnson") and Tim Farlow ("Farlow"), who are law enforcement officers with the City of Gadsden, made the arrest. In connection with this arrest, Carroll alleges that Officers Johnson and Farlow conducted an unlawful search of his vehicle and illegally seized his pistol. Carroll further claims that Officers Johnson and Farlow used excessive force and committed an assault and battery upon him in that the officers handcuffed him,

1

injured his shoulder while handcuffing him, and struck him on the head with a blunt instrument.

After the arrest, Carroll alleges that he was unlawfully detained and imprisoned for approximately seven hours. During that time, Carroll avers that defendants[1] refused to provide medical treatment for the shoulder injury he allegedly sustained during the course of the arrest. Charges were initially prosecuted against Carroll, but were dropped prior to the commencement of this action.

Based on the events of October 25, 1996, Carroll filed his complaint naming as defendants the Gadsden Police Department, the City of Gadsden, and Officers Johnson and Farlow. Count I of the complaint, as originally stated, seeks recovery against all defendants for the alleged willful and malicious acts of Officers Johnson and Farlow in unlawfully arresting and imprisoning Carroll. Count II, as originally stated, seeks recovery against all defendants for the willful and malicious acts of Officers Johnson and Farlow in arresting Carroll without probable cause and for malicious prosecution. Count III, as originally stated, seeks recovery against all defendants for the willful and malicious acts of Officers Johnson and Farlow in committing an assault and battery upon Carroll while arresting him. Count IV, as originally stated, seeks recovery against all defendants for the willful and malicious acts of Officers Johnson and Farlow in using excessive force while arresting Carroll and in thereafter refusing him medical treatment for injuries allegedly sustained during the arrest. Count V, as originally stated, seeks recovery against all defendants for the

---

[1] Carroll does not specify which particular defendant is responsible for denying him medical treatment.

2

willful and malicious acts of Officers Johnson and Farlow in searching Carroll's vehicle without probable cause and in seizing his pistol. Count VI, as originally stated, seeks recovery against all defendants for the willful and malicious acts of Officers Johnson and Farlow in detaining and imprisoning Carroll. Counts I through VI have now been amended to allege that the City is vicariously liable for the negligent, careless, and unskillfull acts of Officers Johnson and Farlow because the acts are allegedly the result of the negligent and/or wanton failure of the City to properly train and supervise its law enforcement personnel. Count VII seeks recovery against the Gadsden Police Department and the City of Gadsden for failure to properly train and supervise its law enforcement officers. Count VIII attempts to state a claim under § 1983 against all defendants for violations of Carroll's Fourth, Eighth, and Fourteenth Amendment rights.

## Discussion

Through its motion, the City first moves to dismiss the Gadsden Police Department as a defendant in this action because it is merely a division of the City and, as such, is not a suable entity. The motion also seeks to dismiss Counts I through V of the complaint to the extent that each count attempts to state a claim against the City for intentional acts. Lastly, the motion seeks to dismiss Counts VI and VIII insofar as each count attempts to state a claim against the City.

In response, Carroll concedes that the Gadsden Police Department is not a suable entity and is due to be dismissed as a defendant in this action. Carroll further concedes that Alabama law precludes the possibility that the City can be liable for the intentional, willful,

and malicious conduct described in Counts I through V. *See Franklin v. City of Huntsville*, 670 So.2d 848, 850-51 (Ala. 1995). Insofar as Counts I through V attempt to state claims against the city for intentional conduct, Carroll admits that these counts are due to be dismissed. Lastly, Carroll concedes that the City cannot be held liable for the allegedly unlawful acts of its employees based on the theory of *respondeat superior*. *See Monell v. Department of Social Serv.*, 98 S.Ct. 2018, 2036, 436 U.S. 658, 691 (1978); *see also Board of County Comm'rs of Bryan County v. Brown*, 117 S.Ct. 1382, 1387, 520 U.S. 397 (1997); *Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998). To the extent that Count VI and Count VIII rely on *respondeat superior* as a basis for liability, Carroll admits that they are due to be dismissed.

As a result of Carroll's concessions, the only remaining claims at issue are those which attempt to state a claim against the City for its failure to properly train and supervise its law enforcement personnel. Claims of this nature are asserted in each and every count of the amended complaint, however, Count VII was not made a subject of the City's partial motion to dismiss, now treated as a motion for summary judgment. Accordingly, only Counts I through VI and Count VIII are considered.

Counts I through VI, as amended, and Count VIII allege that the City is liable for the negligent, careless, and unskilled acts of Officers Johnson and Farlow because these acts are the result of the City's failure to adequately train and supervise its law enforcement personnel. The City may be liable on this theory only if Carroll can demonstrate that the City acted with "deliberate indifference" to the

4

constitutional rights of the individuals police are likely to encounter. *See City of Canton v. Harris*, 109 S.Ct. 1197, 489 U.S. 378 (1989); *see also Board of County Comm'rs of Bryan County v. Brown*, 117 S.Ct. 1382, 1387, 520 U.S. 397 (1997); *Gold v. City of Miami,* 151 F.3d 1346, 1350 (11th Cir. 1998). Liability is predicated upon the municipality's being the "moving force" behind the constitutional violation. *See Brown*, 117 S.Ct. at 1390; *Gold,* 151 F.3d at 1350.

To this end, Carroll must show that the City made a "deliberate and conscious choice" to follow a specific course of action. *See Gold*, 151 F.3d at 1350. Before it can be said that a municipality has made a deliberate choice, its policy makers must have had actual or constructive notice that the particular omission in the training program was substantially certain to result in the violation of the constitutional rights of its citizens. *Young v. City of Augusta*, 59 F.3d 1160, 1172 (11th Cir. 1995); *see Gold*, 151 F.3d at 1352. Notice can be demonstrated by evidence of prior meritorious complaints of police misconduct in similar situations. *See Gold,* 151 F.3d at 1351; *Brooks v. Sheib*, 813 F.2d 1191, 1193 (11th Cir. 1987). When a need to train officers in a specific capacity is particularly obvious, a municipality may be liable without evidence of a pattern of prior constitutional violations. *See City of Canton v. Harris*, 109 S.Ct. 1197, 1199, 489 U.S. 378 (1989).[2]

The Eleventh Circuit has explained the plaintiff's burden by stating:

---

[2] The Supreme Court has given only a hypothetical example of such an obvious need to train: the use of deadly force where firearms are provided to police officers. *Gold*, 151 F.3d at 1352.

5

> [t]his high standard of proof is intentionally onerous for plaintiffs [because] imposing liability on a municipality without proof that a specific policy caused a particular violation would equate to subjecting the municipality to respondeat superior liability -- a result never intended by section 1983.

*Gold*, 151 F.3d at 1351, n.10.

In this case, Carroll has not come close to carrying this burden. In fact, Carroll has submitted absolutely no evidence to support the contentions in his brief submitted in opposition to the City's motion.[3] Carroll appears to rely on the belief that the City's motion is <u>not</u> being treated as a motion for partial summary judgment, despite the court's order to the contrary.[4] Carroll relied on this belief at his own peril.

The court recognizes that discovery is incomplete in this action and that Carroll may therefore have had difficulty compiling evidence to oppose the City's motion. The court also notes, however, that Carroll filed no request to delay the disposition of the motion for partial summary judgment until discovery can be conducted. Instead, Carroll chose to treat the motion as a partial motion to dismiss, providing information and arguments that may have been enough to survive

---

[3] The court notes that the City did not submit evidence relating to Counts I through VI, as amended, or relating to Count VII. Rule 56, however, does not require the submission of evidence by the moving party. Only the non-moving party must come forward with evidence to create a genuine issue of material fact.

[4] Carroll's brief in opposition states:
The only material outside the pleadings submitted by the City is Roger Kirby's affidavit. This affidavit addresses only the status of the Gadsden Police Department. Roger Kirby's statements are not germane to the City's request for a dismissal of some of the claims asserted against it. Therefore, as to the City, this is a motion to dismiss, and not a motion for summary judgment.
Pl.'s Br., at 2.

6

a motion to dismiss, but that are clearly insufficient to overcome the City's motion for partial summary judgment.

Because Carroll submitted neither evidence nor argument in opposition to defendants' motion, no genuine issue of material fact exists to preclude the entry of judgment in the City's favor. The City's motion for partial summary judgment is due to be granted. A separate order granting the City's motion and dismissing certain of Carroll's claims will be entered separately.

DONE this 14th day of December, 1998.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE