FILED

```
              IN THE UNITED STATES DISTRICT COURT          00 FEB 25 PM 1: 32
             FOR THE NORTHERN DISTRICT OF ALABAMA
                         MIDDLE DIVISION                    U.S. DISTRICT COURT
                                                            N.D. OF ALABAMA
DAVID KENNETH LEE CARROLL,      }
                                }
     Plaintiff,                 }
                                }    CIVIL ACTION NO.     ENTERED
v.                              }
                                }    CV-98-AR-2123-M      FEB 25 2000
CITY OF GADSDEN, et al.,        }
                                }
     Defendants.                }
                                }
                                }
```

### MEMORANDUM OPINION

Before the court is defendants' motion for summary judgment on all of plaintiff's claims. The motion will be granted.

After reviewing the procedural history of this action, the court finds that there are few, if any, remaining claims to consider. On December 14, 1998, this court issued an order and supporting memorandum opinion in which the court dismissed with prejudice Counts I-VI and Count XIII of the complaint. Plaintiff moved for leave to file a second amended complaint on January 7, 1999. This motion was granted on January 11, 1999. The second amended complaint purports only to amend Count V of the complaint, and alleges that defendants "refused necessary medical treatment to the plaintiff . . . and/or caused the plaintiff to be deprived of necessary clothing, accommodations, and medical services." Notwithstanding the fact that Count V, as amended, is the only



claim remaining in the second amended complaint, plaintiff concedes in his brief in opposition to summary judgment that Count V is "dismissed as to all parties" (P's Br. at p. 17), and later in the brief states that "David Carroll concedes that the claims for medical treatment are due to be dismissed" (P's Br. at p.27).

Plaintiff, in his brief, attempts to argue that certain aspects of the other counts in the complaint remain in force because these aspects were not specifically discussed in this court's memorandum opinion that accompanied its order of dismissal of Counts I-VI and Count VIII. Following this line of reasoning, plaintiff states that "it is Plaintiff's position that the following claims remain as of the date of filing of the Motion for Summary Judgment." The court is somewhat baffled by plaintiff's "position." Nowhere has plaintiff moved the court for additional leave to amend the complaint or to reconsider the order dismissing the numbered counts in question. Plaintiff simply takes the "position," a year later, that the dismissed counts "remain" in effect. The court cannot agree with plaintiff. If nothing else, plaintiff's position would result in unfair prejudice to defendants who have been operating under the justifiable assumption, for over a year, that they have been relieved by this court of any duty to defend against certain of plaintiff's claims.

Count VII of the complaint does remain in effect. In plaintiff's brief, he describes Count VII as a state law claim of

"[f]ailure to train and supervise against the City of Gadsden." The Alabama Supreme Court has held that for a plaintiff to survive summary judgment on such a claim, he must present "credible evidence to rebut the City's *prima facie* showing that it did properly train, supervise, and discipline its police officers." *Couch v. City of Sheffield*, 708 So.2d 144, 154 (Ala. 1998). Here, Captain Randy Phillips of the Gadsden City Police Department has submitted an affidavit testifying to the training program provided to the police officers in Gadsden. This court is satisfied that this represents a *prima facie* showing of an adequate training program. Plaintiff, in response, simply asserts that "refusal to arrest family members of police officers is clear evidence of failure to properly train and supervise." Yet, plaintiff is aware that the family member in question has been repeatedly arrested by the Gadsden City Police Department. Plaintiff argues further that "[i]t is immaterial that officers involved have received some police training during their tenure. Apparently, that training was inadequate." The court disagrees, and finds that this conclusory statement does not constitute "credible evidence" to rebut the City's *prima facie* showing of an adequate training program.

In Alabama, with respect to supervisor liability for inadequate training:

> [T]he master is held responsible for his servant's incompetency when notice or knowledge, either actual or presumed, of such unfitness has been brought to him.

> **Liability depends upon its being established by affirmative proof that such incompetency was actually known by the master** or that, had he exercised due and proper diligence, he would have learned that which would charge him in the law with such knowledge. It is incumbent on the party charging negligence to show it by proper evidence.

*Big B, Inc. v. Cottingham*, 634 So.2d 999, 1003 (Ala. 1993) (emphasis added).

Plaintiff has offered no evidence that the City of Gadsden had knowledge, either actually or constructively, that its officers were giving favorable treatment to family members of fellow officers.  Without that knowledge, there is no supervisory liability in Alabama for failure to train the officers not to give such preferential treatment.  Therefore, defendants' motion for summary judgment as to Count VII must be granted.

Even though unnecessary in the procedural posture of this case, the court will expand its comments beyond what is necessary. Plaintiff repeatedly cites to Ala. Code § 11-47-190 for the proposition that a municipality can be held liable for the negligent acts of its employees. While this is the general rule, this rule is usually overridden by another section of the Alabama Code when the employee in question is a police officer.  Police officers receive immunity from liability through Ala. Code § 6-5-338 when the officers are engaged in discretionary

functions.[1]  Moreover, if the officer is relieved of liability through § 6-5-338, then the municipality is also relieved of liability, even if the officer's conduct was the type of negligent conduct that might otherwise create vicarious liability to the City under § 11-47-190.  *See Montgomery v. City of Montgomery,* 732 So.2d 305, 311 (Ala. Civ. App. 1999); *see also Hardy v. Town of Hayneville,* 50 F.Supp.2d 1176, 1201-02 (M.D. Ala. 1999)(opinion on reconsideration).

It is clear, then, that there is no legal theory by which plaintiff can demonstrate liability of the City of Gadsden in this case.  First, as plaintiff has earlier conceded at prior stages of this litigation, there is no *respondeat superior* liability of the City for any intentional or reckless conduct of the officers.  Second, there is no direct liability to the City for failure to train, as shown above.  And finally, there is no *respondeat superior* liability to the City for any negligent acts of the officers during performance of their discretionary functions, because the officers themselves are relieved of liability, and the City benefits vicariously from that immunity.  Thus, no matter how plaintiff attempts to slice it, the City is removed as a target.

The court can understand why, at the time of the incident that

---

[1] Decisions by police officers on the scene with respect to who, if anyone, is properly to be arrested, are discretionary decisions, involving judgment and choice. Police officers thus enjoy discretionary function immunity when they make those decisions, notwithstanding any showing that they might have exercised their judgment poorly, or even negligently.

is the subject of this action, plaintiff felt that the more culpable party was escaping arrest. The court can understand plaintiff's frustration at being arrested for carrying a pistol without a licence, under the circumstances of coming to the aid of his granddaughter, when his pistol licence was in his wallet four blocks away. Unfortunately for plaintiff, however, under the laws of the United States and of Alabama, "unfairness" does not always create a viable cause of action. The court can imagine that plaintiff might possibly have been able to survive summary judgment on the question whether the arresting officer in this case would be personally liable under state tort law for a battery on Carroll that allegedly occurred during the arrest. Of course, the court is not expressing an opinion as to the ultimate success of such an action, merely that it might have survived summary judgment. At this point, however, because the reasonable time for amending the pleadings or seeking reconsideration of this court's dismissal of the counts of this action is long past, the court will discontinue its speculation.

A separate appropriate order will be entered.

DONE this 25th day of February, 2000.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE