IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

DAVID KENNETH LEE CARROLL,　　}
　　　　　　　　　　　　　　　　}
　　Plaintiff,　　　　　　　　　}
　　　　　　　　　　　　　　　　}　CIVIL ACTION NO.
v.　　　　　　　　　　　　　　　}
　　　　　　　　　　　　　　　　}　98-AR-2123-M
CITY OF GADSDEN, et al.,　　　　}
　　　　　　　　　　　　　　　　}
　　Defendants.　　　　　　　　　}

FILED
00 NOV -9 PM 4: 0
U.S. ...
N.D. ... AMA

ENTERED
NOV - 9 2000

## MEMORANDUM OPINION

The court has before it a motion by plaintiff, David Kenneth Lee Carroll ("Carroll"), to reinstate his action as against former defendant, City of Gadsden (" the City"), and Tim Farlow ("Farlow") and to allow amendments to the complaint and to the pretrial order to add a conspiracy count against defendants, Tim Johnson, Farlow and the City. Although Carroll's motion asks for these things as a sanction for the City's alleged spoilation or withholding of evidence (something only the City could have been responsible for), the court will partially grant Carroll's motion, not as a sanction (although the court is not happy with the City's wholly inadequate responses to legitimate discovery requests), but because the court now believes that it was incorrect when it granted summary judgment in favor of the City.

The court should not have dismissed Carroll's claim of assault and battery against the City. The court then had supplemental jurisdiction of this claim which was viable under *Jackson v. City of Florence*, 320 So.2d 68, 294 Ala. 592(1975). A municipality can



be liable for the tortious acts of its employees under the doctrine of *respondeat superior*. The only explanation this court can give for its earlier mistake is that it may have intended to decline supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. §1367(c)(3) upon its finding that Carroll could not recover against the City under 42 U.S.C. §1983, the only basis for federal question jurisdiction. If that was its intention, the dismissal of the assault and battery claim should have been **without prejudice**. Whatever the court's intention, the court now concludes not only that the City could be exposed **in this court** to potential liability for the state tort of assault and battery allegedly committed by its agent, Tim Johnson, but that Carroll may be able to obtain enough evidence to meet the *Monell* test to form a basis for proceeding against the City under §1983. Only because important evidence was, in fact, withheld, the court will allow Carroll to reopen discovery if he wants to do so, for the limited purpose of exploring the *Monell* avenue.

If the court were giving free legal advice, it would advise Carroll to proceed against the City only on the assault and battery claim.

While the court is at it, let it not be said that the court has not already made clear to the parties its recognition of the obvious conflict-of-interest inherent in the lawyer who was selected by the City's insurance carrier, representing both the City and its employee in a case like this one.

A separate and appropriate order will entered.

DONE this 9th day of November, 2000.

*[signature: Walter M. Acker]*

WILLIAM A. ACKER, JR.
UNITED STATES DISTRICT JUDGE