IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

FILED
01 JAN 31 PM 4:04
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
JAN 31 2001

DAVID KENNETH LEE CARROLL,        }
                                  }
        Plaintiff,                }
                                  }
                                  }   CIVIL ACTION NO.
v.                                }
                                  }   98-AR-2123-M
TIM JOHNSON, et al.,              }
                                  }
        Defendants.               }

**MEMORANDUM OPINION**

After a mistrial late in an abortive first trial, an eventual jury verdict and the entry of judgment in this hoary case, this court was sort of looking forward to going on to something else. The court had forgotten that the fight over what the plaintiff gets from the defendant is less significant and less time consuming than the fight over what the lawyer for the prevailing plaintiff gets from the defendant. This is where we are now.

From the contentious filings, it is difficult to determine the exact difference of opinion between what plaintiff's counsel thinks he is entitled to and what Tim Johnson, the only defendant exposed to 42 U.S.C. §1988 liability, thinks reasonable, that is, subject to Johnson's right to appeal the whole thing. Plaintiff's counsel is requesting $67,216.25 in attorneys' fees and paralegal expenses, and $22,464.95 in allegedly reimbursable expenses. Exactly what defendant thinks would be reasonable is difficult to determine. However, as far as the "lodestar" is concerned, plaintiff's counsel submits that $175.00 per hour is reasonable, whereas defendant

claims that $150.00 is the maximum reasonable hourly rate for lawyers in the Gadsden area. This court agrees with defendant that $150.00 is more likely than $175.00 to reflect the Gadsden market for lawyering of the high quality provided in this case by plaintiff's counsel. When a Birmingham lawyer ventures into Gadsden, he automatically buys into the Gadsden market rate, absent extraordinary circumstances, none of which exist here.

Using $150.00 per hour as the "lodestar" for plaintiff's competent and diligent counsel and $25.00 per hour for his paralegal's time, and trimming the hours he expended by 25% to reflect what this court finds to be the necessary and reasonable lawyer time expenditure, considering the vigor with which defendant's counsel defended, and factoring in the relief obtained as compared with the relief sought, the court, using its own judgment and experience, and without using too much of its not unlimited time in writing a thirty page critique of the contrary submissions, concludes that a reasonable and appropriate sum for attorneys' fees, paralegal expenses and other expenses for plaintiff is **$50,000**, for which sum a separate judgment will be entered against Johnson. The court realizes that plaintiff's attorney will get almost twice as much as will his client.

DONE this 31st day of January, 2001.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE